IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 22, 2009

## STATE OF TENNESSEE v. WILLIAM J. WILSON

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 71-2006      J. Curtis Smith, Judge**

---

**No. E2009-00772-CCA-R3-CD- Filed December 29, 2009**

---

The Defendant, William J. Wilson, pled guilty to two counts of attempted aggravated sexual battery, a Class C felony, and the trial court sentenced him to two consecutive sentences of six years, one year to be served in prison and the remainder to be served on probation. After a warrant was filed, the trial court found that the Defendant had violated his probation by dating, befriending, residing or uniting with someone who had children under the age of eighteen, because the Defendant has filed for a marriage license with a woman who had "several" children under the age of eighteen. The trial court ordered the Defendant returned to probation for ten years and required that he not have any contact with his fiancé, including telephone contact. The Defendant appealed, contending: (1) that the condition of probation requiring he not date or befriend a person with minor children had not been articulated to him by the trial court, as required by statute, and, further, is unconstitutional; and (2) that the condition that he refrain from telephone contact with his fiancé is unconstitutional. For the reasons stated herein, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. D. KELLY THOMAS, JR., J., filed a concurring opinion.

Timothy A. Deere, Signal Mountain, Tennessee, for the Appellant, William J. Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; J. Michael Taylor, District Attorney General; J. Michael Taylor, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

In November 2006, A Bledsoe County grand jury indicted the Defendant on five counts of rape of a child, a Class A felony, and one count of aggravated statutory rape, a Class D felony, with all counts involving the same victim. On February 26, 2007, the Defendant pled guilty to two counts

of attempted aggravated sexual battery, a Class C felony, and the remaining charges were dismissed. The trial court sentenced him to two consecutive six-year sentences, to be served on supervised probation after the service of twelve months of incarceration on each sentence.

On November 24, 2008, the Defendant's probation officer filed a probation violation report, which alleged, in relevant part, that the Defendant had violated the following condition of his probation:

> I will not date, befriend, reside or unite with anyone who has children under the age of 18, except my own children, unless further restricted by applicable law or court order. I will report all incidental contact with children to my treatment provider and my officer. I will not enter into contact with any child under 18 or anyone who is unable to give consent due to mental, physical, or emotional limitations, unless an adult is present whom my Officer and treatment provider have approved in advance, in writing, as a chaperone.

The report alleged that the Defendant applied for a marriage license in the Hamilton County Clerk's Office on November 3, 2008, with a fiancé who had several children under the age of eighteen. The trial court found that the Defendant had violated his probation and returned the Defendant to probation for a period of ten years with an order that he have "[n]o contact with [the Defendant's fiancé] which includes no telephone contact."

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends first that the probation condition that prohibited him from dating, befriending, residing or uniting with anyone with children under the age of eighteen is not valid because it was not articulated to him by the trial court. Second, he contends that this condition is unconstitutional. Finally, he contends that, in the order revoking his probation, the trial court unconstitutionally prohibited him from having telephone contact with his fiancé. The State counters that the Defendant did not object to the condition he now challenges by either a motion to modify the conditions of his probation or by a challenge to its constitutionality. Further, the State contends that the Defendant agreed he violated this condition and, therefore, that the trial court did not abuse its discretion when it revoked his probation.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. T.C.A. § 40-35-311(e) (2006). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); *see* T.C.A. §§ 40-35-308, -310, -311 (2006).

2

The decision to revoke probation is in the sound discretion of the trial judge. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This Court will uphold a trial court's judgment to revoke probation unless the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

In this case, the State asserts that the Defendant agreed that he violated the terms of his probation. The State further asserts that this is the reason the trial court did not hold a hearing on the alleged probation violation. There is nothing in the record, however, indicating that the Defendant agreed that he violated his probation. The record contains the probation violation report and the trial court's order revoking the Defendant's probation. The order revoking the Defendant's probation states the following:

> Thereafter, the allegation having been made that the defendant had violated the terms of the probation/community corrections and after due notice, the matter was heard on the 23rd day of February, 2009, to determine whether the defendant's probation/community corrections sentence should be revoked.
>
> From the evidence given in open Court and the record of the case, THE COURT FINDS that the defendant has violated the terms of the Probation/community corrections.

Based on this record, we are unable to conclude that the trial court abused its discretion when it found that the Defendant violated the terms of his probation. The trial court's order states that the allegation that the Defendant had violated the terms of his probation "was *heard* [emphasis added] on the 23rd day of February, 2009 . . . ." The State asserts that, because the Defendant agreed that he had violated his probation, there was no hearing. The Defendant, who has the duty to provide this Court with an accurate record of what transpired in the trial court, has filed no transcript of evidence or statement of the evidence. *See* Tenn. R. App. P. 24(b). It is well settled that our review is limited to matters contained in the record from the trial court. If, as the State contends, there was no hearing in the trial court, then this Court has no factual findings to review, and, therefore, we cannot conclude that the trial court abused its discretion by finding that the Defendant violated the terms and conditions of his probated sentence. Without reviewing factual findings made by the trial court, we cannot determine that the Defendant did not violate his probation or that the terms and conditions of probation (including no telephone contact with Sally Dewitt) are not "reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty." T.C.A. § 40-35-303 (d)(9). Based upon the sparse record before us, we cannot conclude that either "Rule 9 Specialized Conditions for Sex Offenders" is an improper condition in the Defendant's case or that, "No contact with Sally Dewitt which includes no telephone contact" was improperly added by the trial court as an additional condition of the Defendant's probation. Finally, without a transcript of

the guilty plea, we are unable to determine whether the trial court articulated the conditions of probation to the Defendant. As such, the Defendant is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's order revoking the Defendant's probation.

_____

ROBERT W. WEDEMEYER, JUDGE

4